26SL-CC03712

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| **ELMA GARRISON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. |
| | ) | |
| **CROWN LABORATORIES, INC**, | ) | |
| Successor To Revance Therapeutics, Inc., | ) | Division |
| | ) | |
| Serve:  R.A.  Incorp Services, Inc. | ) | |
| 1531 E Bradford Pkwy | ) | |
| Suite 200 | ) | JURY TRIAL REQUESTED |
| Springfield, Mo  65804-6564 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Elma Garrison, by and through her undersigned counsel, and for her Petition for Damages against Defendant Crown Laboratories, Inc., as successor to Revance Therapeutics, Inc., states as follows:

### I. INTRODUCTION

This is an action for sex discrimination, motherhood-based sex stereotyping, unequal pay and benefits, unlawful restraint of trade, and retaliation. Plaintiff Elma Garrison was a top-performing senior sales executive — twice named Area Director of the Year — whom Defendant terminated and replaced based on sex-based stereotypes about her ability, as a mother of young children, to meet the demands of executive leadership.

After Plaintiff opposed that discrimination and pursued her statutory rights, Defendant escalated. On January 7, 2026, Defendant, through its Chief Human Resources Officer, Matt Argano, Ph.D., and again on February 10, 2026, through its Chief Legal Officer, Kira Schwartz, sent Plaintiff communications threatening litigation, injunctive relief, damages, and recovery of legal

**EXHIBIT**

**A**

Electronically Filed - St. Louis County - May 12, 2026 - 02:54 PM

costs if she continued to engage in lawful post-employment professional activity. Those threats invoked an employee non-solicitation provision in a California-governed agreement that California has declared void, both by statute and by the controlling decision of its Supreme Court.

Defendant's threats were not good-faith assertions of contract rights. They were retaliatory weapons. Defendant chose to wield a void contract — knowing that California Business and Professions Code §§ 16600 and 16600.5 prohibit even the attempted enforcement of such restraints — to chill Plaintiff's protected activity, intimidate her current employment relationship, and dissuade her from prosecuting this action. That conduct is independently unlawful and constitutes an actionable adverse employment action under Title VII, FEHA, the Missouri Human Rights Act, and California Business and Professions Code § 16600.5.

## II. PARTIES

1. Plaintiff Elma Garrison is an individual and a resident of St. Louis County, Missouri.

2. Defendant Crown Laboratories, Inc. is a Delaware corporation doing business nationally, including in Missouri, where it is licensed and authorized to conduct business as a foreign corporation.

3. Defendant Crown Laboratories, Inc. is the successor to Revance Therapeutics, Inc. ("Revance") and is liable for the employment practices, obligations, contracts, and conduct alleged herein.

4. At all relevant times, Defendant employed sufficient employees to be subject to the California Fair Employment and Housing Act, California Government Code § 12900 et seq.

5. At all relevant times, Defendant employed sufficient employees to be subject to the Missouri Human Rights Act, Chapter 213 RSMo.

6. At all relevant times, Defendant employed more than fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

7. At all relevant times, Defendant was an employer within the meaning of the federal Equal Pay Act, 29 U.S.C. § 206(d), the California Equal Pay Act, California Labor Code § 1197.5, and Missouri's equal pay statutes, §§ 290.400 through 290.450 RSMo.

## III. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction because Plaintiff asserts claims arising under Missouri, California and federal law.

9. Venue is proper in St. Louis County because Plaintiff resides in St. Louis County, performed her work from St. Louis County, suffered damages in St. Louis County, and the discriminatory and retaliatory acts directed at Plaintiff were directed at her and received by her in St. Louis County, Missouri.

10. Defendant conducted business in Missouri, employed Plaintiff while she resided in Missouri, derived revenue from Plaintiff's work performed in and from Missouri, mailed and emailed the retaliatory threat letter described herein to Plaintiff in Missouri, and purposefully availed itself of the privilege of conducting business affecting Missouri employees.

11. Plaintiff has exhausted all administrative prerequisites to filing suit. Plaintiff timely filed charges or administrative complaints with the Equal Employment Opportunity Commission, the Missouri Commission on Human Rights, and the California Civil Rights Department.  Plaintiff has obtained Right-to-Sue notices from EEOC (on 4.30.26); California Civil Rights Department (on 4.28.26) and Missouri Commission on Human Rights (on 5.11.26). This action is timely filed.

## IV. CHOICE OF LAW

12. On February 25, 2020, Plaintiff entered into an executed an Employee Confidential Information, Invention Assignment and Arbitration Agreement (the "ECIIAA") with Revance, Defendant's predecessor.

13. Section 13.1 of the ECIIAA provides that the agreement "will be governed by and construed according to the laws of the State of California."

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

14. Defendant and its predecessor selected California law to govern the most important aspects of Plaintiff's employment relationship — including the post-employment restraints Defendant has now invoked against Plaintiff.

15. Plaintiff therefore pleads California law as the applicable state law governing her state-law employment claims, including claims under the California Fair Employment and Housing Act, the California Equal Pay Act, California Business and Professions Code §§ 16600 and 16600.5, and the California Unfair Competition Law.

16. In the alternative, and to the extent the Court determines that California law does not govern any portion of Plaintiff's state-law claims, Plaintiff pleads claims under Missouri law, including the Missouri Human Rights Act and Missouri's equal pay statutes.

17. Missouri has no public policy that would prevent enforcement of California law to provide greater protection against sex discrimination, unequal compensation, retaliation, or unlawful restraints on employment mobility.

## V. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A. Plaintiff's Employment, Position, and Performance

18. Plaintiff was employed by Revance for approximately five years.

19. Crown Laboratories thereafter acquired Revance, and Crown became Plaintiff's employer and/or successor employer.

20. Plaintiff most recently held the position of Area Director — one of only two such positions nationally.

21. Plaintiff was a high-performing, senior sales leader who consistently met or exceeded Defendant's legitimate expectations.

22. Plaintiff was named Area Director of the Year in both 2023 and 2024, based upon objective performance metrics, revenue production, sales leadership, and demonstrated leadership following the launch of Daxxify, an FDA-approved injectable neurotoxin used to treat glabellar lines.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

23. Plaintiff led multiple Regional Managers to President's Club honors, oversaw two of three national geographic areas, and was responsible for approximately seventy percent of company revenue.

24. Before the integration following the Crown acquisition, Defendant never counseled, cautioned, warned, or otherwise advised Plaintiff that her performance, availability, commitment, travel capacity, geographic location, or family responsibilities impaired or limited her ability to perform her job.

25. To the contrary, Defendant relied upon Plaintiff as a senior leader and entrusted her with expanded duties, which Plaintiff performed successfully.

**B. Plaintiff's Expanded Vice President-Level Duties During Integration**

26. During the integration following Crown's acquisition of Revance, Defendant's senior leadership — including the Vice President of Commercial Planning and the Vice President of Sales — asked Plaintiff to assume interim responsibility for the West Area Director region in addition to her Central Area Director duties.

27. Plaintiff accepted the assignment and successfully performed both Area Director responsibilities simultaneously.

28. During this period, Plaintiff was responsible for two areas, twelve regions, and more than one hundred employees — a breadth of authority and operational responsibility consistent with Vice President-level leadership.

29. Defendant's assignment of these expanded responsibilities to Plaintiff demonstrates that Defendant trusted Plaintiff's leadership, travel ability, operational judgment, and capacity to perform high-level executive sales functions.

30. At no time during this period did Defendant raise with Plaintiff any concern that her geographic location, family responsibilities, children, husband's employment, or travel schedule limited her ability to perform.

**C. Sex Stereotyping and Disparate Scrutiny of Family Responsibilities**

31. In the period leading to Plaintiff's termination, Chief Sales Officer and Executive Vice President Michael McKenna repeatedly focused on Plaintiff's children, their ages, their activities, and their schedules.

32. McKenna repeatedly questioned Plaintiff about her husband's employment as a Regional Manager for a medical device company, and asked how Plaintiff and her husband could "juggle it all."

33. McKenna stated or suggested that Plaintiff's position required a "road warrior" — language designed to communicate, and which did communicate, the stereotype that Plaintiff, as a mother, could not meet the travel demands, commitment, or intensity of the role.

34. Similar family-status questions were not directed at similarly situated male employees, nor at employees who did not have younger children. These subjects had never been raised during Plaintiff's prior evaluations, despite her years of top performance and extensive travel.

35. Similar family-related questions were also directed at Plaintiff's husband during a company awards trip Plaintiff earned as Area Director of the Year — further evidence that Defendant's decision-makers viewed Plaintiff through a sex-stereotyped lens.

36. Defendant subjected Plaintiff to scrutiny based upon sex-based stereotypes concerning motherhood, family responsibilities, household obligations, and caregiving — stereotypes that have been recognized as direct evidence of sex discrimination under both federal and California law.

**D. Defendant's Pretextual Termination of Plaintiff**

37. In or about March 2025, following Crown's acquisition of Revance, Defendant notified Plaintiff that her employment was being terminated. Plaintiff's last day of employment was March 6, 2025.

38. Defendant claimed Plaintiff's position was eliminated due to "redundancy" and "geographic factors."

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

39. Defendant's stated explanation was false, inconsistent, and pretextual.

40. Defendant's stated reliance on geography and airport proximity was not applied consistently. Defendant invoked airport proximity and travel considerations only when those criteria operated to exclude Plaintiff, while ignoring or discounting those same criteria when selecting or promoting other employees.

41. Defendant's explanation shifted over time, with Defendant variously claiming the decision involved redundancy, geography, ease of travel, and selection between Plaintiff and other candidates. These shifting explanations are themselves evidence of pretext.

**E. Comparator Evidence**

42. Defendant retained and promoted Jon Bullock, a male Crown employee, despite the fact that Mr. Bullock had no prior Area Director experience, lacked Plaintiff's second-line leadership experience, and lacked Plaintiff's experience managing managers across multiple regions.

43. Mr. Bullock lived in Ann Arbor, Michigan — a location that did not provide the airport-proximity advantage Defendant claimed was critical when excluding Plaintiff. Mr. Bullock was based in the Eastern Time Zone, while approximately ninety-five percent of his assigned territory operated in the Central, Mountain, or Pacific Time Zones, creating equal or greater travel and logistical challenges than those Defendant claimed disqualified Plaintiff.

44. Defendant nevertheless retained and promoted Mr. Bullock.

45. Defendant also retained Katy Maurer, a female employee based in Dallas, Texas. During the integration period, Ms. Maurer repeatedly emphasized that she "doesn't have littles" and noted that her child was college-aged and that she did not have comparable caregiving responsibilities. That distinction was openly raised during the decision-making period.

46. Neither Mr. Bullock nor Ms. Maurer surpassed Plaintiff in objective performance, leadership scope, demonstrated results, or ability to perform the relevant duties.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

47. The factors that distinguished Plaintiff from the retained or promoted employees included Plaintiff's sex, her status as a mother with younger children, and Defendant's perception of her family and caregiving responsibilities.

**F. Plaintiff Performed Vice President-Level Duties But Was Denied Vice President-Level Treatment**

48. During the integration, Plaintiff performed responsibilities consistent with Vice President-level leadership and exceeded the responsibilities of any other employee separated during the restructuring.

49. Immediately after Plaintiff's separation, Defendant elevated the same or substantially similar role to a Vice President-level position — confirming the executive-level nature of the duties Plaintiff had already been performing.

50. Defendant failed to classify Plaintiff properly while she performed those duties and denied her compensation, benefits, title, status, and severance consistent with the Vice President-level duties she performed.

51. Had Plaintiff been properly classified as a Vice President at termination, she would have been eligible for substantially greater severance, including up to twelve months of severance. Instead, Plaintiff was offered approximately twelve weeks of severance.

52. Other employees in the sales organization, including less-tenured and lower-performing employees, received or were eligible to receive substantially greater severance than Plaintiff was offered.

53. Defendant's classification and severance decisions were discriminatory and resulted in unequal compensation, unequal benefits, and unequal severance.

**G. Plaintiff's Protected Activity**

54. Following her termination, Plaintiff engaged in protected activity by, among other things, opposing Defendant's discriminatory practices, consulting counsel concerning her rights, communicating with Defendant and its representatives concerning her opposition to the discriminatory and unlawful conduct described herein, and filing

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

administrative charges with the Equal Employment Opportunity Commission, the Missouri Commission on Human Rights, and the California Civil Rights Department.

55. Defendant knew, or had reason to know, of Plaintiff's protected activity. Plaintiff and her counsel communicated her opposition to the discrimination and her intent to pursue legal remedies to Defendant and its representatives.

56. Plaintiff thereafter obtained employment with Bausch Health Companies Inc.

**H. Defendant's Retaliatory Threat Letter Invoking a Void California Non-Solicitation Provision**

57. Section 5 of the ECIIAA contains a one-year post-employment restraint that purports to prohibit Plaintiff from soliciting, inducing, encouraging, or participating in soliciting, inducing, or encouraging any employee, consultant, or independent contractor of Revance/Crown to terminate his, her, or its relationship with the Company — "even if [Plaintiff] did not initiate the discussion or seek out the contact."

*"I agree that during the period of my employment and for the one (1) year period after the date my employment ends for any reason, including but not limited to voluntary termination by me or involuntary termination by Company, I will not, as an officer, director, employee, consultant, owner, partner, or in any other capacity, either directly or through others, except on behalf of Company solicit, induce, encourage, or participate in soliciting, inducing or encouraging any employee, consultant, or independent contractor of Company to terminate his, her or its relationship with Company, even if I did not initiate the discussion or seek out the contact."*

58. The non-solicitation provision in Section 5 of the ECIIAA contains no geographic limitation, no limitation as to the type or seniority of employee, and no limitation as to whether contact was initiated by the affected individual.

59. The provision purports to bind Plaintiff during the very one-year period in which she sought new employment in her industry — and is, by its plain terms, calculated to restrain her from engaging in lawful professional activity.

9

60. California Business and Professions Code § 16600 provides that, with narrow statutory exceptions inapplicable here, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The California Supreme Court has held that § 16600 means what it says: post-employment restraints on lawful professional activity are void as a matter of California public policy. See *Edwards v. Arthur Andersen LLP,* 44 Cal. 4th 937 (2008).

61. California courts have applied that rule to employee non-solicitation provisions identical in substance to Section 5 of the ECIIAA, holding such provisions void under § 16600. See *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc*., 28 Cal. App. 5th 923 (2018).

62. Effective January 1, 2024, the California Legislature codified and strengthened that prohibition through California Business and Professions Code § 16600.5. Section 16600.5 makes any contract that is void under § 16600 "unenforceable regardless of where and when the contract was signed," prohibits an employer from "attempting to enforce a contract that is void under this chapter regardless of whether the contract was signed and the employment was maintained outside of California," and creates a private right of action for injunctive relief, actual damages, and an award of reasonable attorneys' fees and costs.

63. Section 5 of the ECIIAA is, on its face and as applied to Plaintiff, void under California Business and Professions Code § 16600.

64. Notwithstanding the void character of Section 5 — and after Plaintiff had engaged in protected activity opposing Defendant's discriminatory conduct — Defendant elected to use that void provision as an instrument of retaliation and bullying.

65. On January 7, 2026, Defendant — acting through its Chief Human Resources Officer, Matt Argano, Ph.D. — sent Plaintiff a letter via Federal Express and email titled "Reminder of Non-Solicitation Obligations" (the "Threat Letter").

66. The Threat Letter expressly identified Plaintiff's current employer, Bausch Health Companies Inc., and asserted that Defendant had "reason to believe" that Revance

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

employees who had left or intended to leave Revance "may be or will be" employed by Bausch Health.

67. The Threat Letter quoted Section 5 of the ECIIAA verbatim and stated that Plaintiff's non-solicitation obligations "extend for one (1) year following [her] last day of employment with Revance, which was March 6, 2025."

68. The Threat Letter then warned: "Any breach of these obligations may result in Revance pursuing all available legal remedies, including, but not limited to, injunctive relief, damages and recovery of legal costs."  A second, similar communication, was directed to plaintiff by defendant's Chief Legal Officer, Kra Schwartz, on February 10, 2026.

69. The Threat Letter were direct attempts to enforce a contract that is void under California Business and Professions Code § 16600 and that Defendant is statutorily prohibited from attempting to enforce under California Business and Professions Code § 16600.5.

70. By its terms and effect, the Threat Letters were reasonably calculated to — and did — interfere with Plaintiff's current employment relationship with Bausch Health, restrain her from lawful professional activity, dissuade her from continuing to oppose Defendant's discriminatory conduct, and dissuade her from prosecuting administrative or judicial claims against Defendant.

71. A reasonable employee in Plaintiff's position would be dissuaded from making or supporting a charge of discrimination by the receipt of such a letters threatening litigation, injunction, damages, and "recovery of legal costs" based on a void contract that names the employee's current employer.

72. Defendant knew, or in the exercise of reasonable diligence should have known, that Section 5 of the ECIIAA was void and unenforceable under California law and that any attempt to enforce it was prohibited by California Business and Professions Code § 16600.5. Defendant's choice of California law in Section 13.1 of the ECIIAA confirms its knowledge of the governing California regime.

73. Defendant's decision to invoke a void contract — against a former employee who had opposed sex discrimination and pursued statutory remedies — was not a good-faith

11

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

asserton of contract rights. It was a deliberate retaliatory act designed to punish protected activity and to chill the further exercise of statutory rights.

74. The Threat Letter is itself an adverse employment action under both Title VII and FEHA's anti-retaliation provisions. See ***Burlington N. & Santa Fe Ry. Co. v. White***, 548 U.S. 53 (2006); ***Yanowitz v. L'Oreal USA, Inc***., 36 Cal. 4th 1028 (2005).

75. Defendant's use of an unlawful restrictive covenant against a former employee who opposed discrimination compounded the harm of the underlying discriminatory termination, and constitutes both unlawful retaliation and an independent violation of California Business and Professions Code §§ 16600 and 16600.5.

## I. Additional Post-Termination Retaliatory Conduct

76. Following Plaintiff's termination, Heather Harcourt, a high-performing sales representative, participated in an exit interview with Shelby Hensley, a Human Resources Business Partner for defendant Crown.

77. During that exit interview, Hensley stated to Harcourt: "Well, we made one right decision — we got rid of Elma."

78. Harcourt expressed immediate concern and later relayed the statement to Johnny Hargrave, Regional Sales Manager.

79. The statement reflected hostility toward Plaintiff, supports the inference that Defendant's stated reasons for terminating Plaintiff were not true, and is consistent with the retaliatory motive that animated the Threat Letter.

80. Defendant has also attempted to influence or chill potential witnesses regarding Plaintiff's separation, further evidencing discriminatory animus and retaliation.

## J. Damages

81. As a direct and proximate result of Defendant's unlawful conduct, including the Threat Letter, Plaintiff has suffered and continues to suffer damages.

12

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

82. Plaintiff has lost employment, income, wages, bonuses, benefits, severance, equity and incentive compensation, and career advancement opportunities. She has suffered loss of professional standing and damage to her career, including the harm caused by Defendant's interference with her employment relationship at Bausch Health.

83. Plaintiff has suffered emotional distress, humiliation, embarrassment, anxiety, and inconvenience. Defendant's Threat Letter — invoking a void contract, naming her current employer, and threatening litigation, damages, and "recovery of legal costs" — caused additional and substantial emotional harm.

84. Plaintiff has incurred and will continue to incur attorneys' fees, costs, and litigation expenses, including fees and costs incurred to defend against Defendant's threatened enforcement of the void non-solicitation provision and to vindicate her rights under California Business and Professions Code §§ 16600 and 16600.5.

85. Defendant acted intentionally, maliciously, recklessly, and with conscious disregard of Plaintiff's protected rights. Plaintiff is entitled to compensatory damages, punitive damages, back pay, front pay, liquidated damages where allowed, statutory penalties where allowed, declaratory relief, injunctive relief, attorneys' fees, costs, interest, and all other relief permitted by law.

## COUNT I

**Sex Discrimination in Violation of the California Fair Employment and Housing Act California Government Code § 12940(a)**

86. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

87. Plaintiff pleads this claim under California law pursuant to the parties' contractual choice-of-law provision.

88. Defendant was an employer subject to the California Fair Employment and Housing Act, and Plaintiff was an employee protected by FEHA.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

89. Plaintiff is female and was qualified for her position, having performed at an exceptional level.

90. Defendant subjected Plaintiff to adverse employment actions, including termination, failure to retain, failure to promote or classify properly, denial of compensation, denial of benefits, and denial of severance.

91. Plaintiff's sex was a substantial motivating reason for Defendant's adverse employment actions.

92. Defendant treated Plaintiff less favorably than male employees and less favorably than employees not associated with the same sex-based stereotypes. Defendant's stated reasons were false, inconsistent, and pretextual.

93. Defendant's conduct violated FEHA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and award back pay, front pay, lost benefits, lost severance, compensatory damages, punitive damages, attorneys' fees, costs, prejudgment and post-judgment interest, and all other relief allowed by California law.

## COUNT II

### Sex-Plus, Motherhood, and Sex Stereotyping Discrimination in Violation of FEHA California Government Code § 12940(a)

94. Plaintiff incorporates by reference all preceding paragraphs.

95. Plaintiff pleads this claim under California law pursuant to the parties' contractual choice-of-law provision.

96. FEHA prohibits discrimination because of sex, gender, sex stereotypes, and combinations of protected characteristics, including motherhood and family-responsibility stereotypes.

97. Defendant scrutinized Plaintiff based on her status as a woman with young children, repeatedly focusing on her children, their activities, her husband's employment, and

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

whether she could "juggle it all," while invoking the gendered stereotype that the position required a "road warrior."

98.  Defendant relied upon stereotypes concerning mothers, caregiving, family responsibilities, travel, and professional commitment, and treated Plaintiff less favorably because of those sex-based stereotypes.

99.  Defendant's stereotyping was a substantial motivating reason for Plaintiff's termination, classification, and unequal treatment.

100.  Defendant's conduct violated FEHA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and award back pay, front pay, lost benefits, lost severance, compensatory damages, punitive damages, attorneys' fees, costs, interest, and all other relief allowed by California law.

## COUNT III

### Failure to Prevent Discrimination and Retaliation in Violation of FEHA
### California Government Code § 12940(k)

101.  Plaintiff incorporates by reference all preceding paragraphs.

102.  Plaintiff pleads this claim under California law pursuant to the parties' contractual choice-of-law provision.

103.  Defendant had a statutory duty to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

104.  Defendant failed to take reasonable steps to prevent discrimination and retaliation against Plaintiff. Defendant allowed decision-makers to rely on sex-based stereotypes, inconsistent criteria, pretextual explanations, and family-responsibility assumptions, and permitted its Chief Human Resources Officer to send the Threat Letter described herein in retaliation for Plaintiff's protected activity.

105.  Defendant's conduct violated FEHA.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and award damages, attorneys' fees, costs, interest, and all other relief allowed by California law.

## COUNT IV

### Retaliation in Violation of FEHA

### California Government Code § 12940(h)

106. Plaintiff incorporates by reference all preceding paragraphs.

107. Plaintiff pleads this claim under California law pursuant to the parties' contractual choice-of-law provision.

108. Plaintiff engaged in protected activity under FEHA, including opposing Defendant's discriminatory conduct, consulting counsel, communicating opposition to Defendant and its representatives, and filing administrative charges with the Equal Employment Opportunity Commission, the Missouri Commission on Human Rights, and the California Civil Rights Department.

109. Defendant knew, or had reason to know, of Plaintiff's protected activity.

110. Defendant subjected Plaintiff to adverse employment actions because of her protected activity, including but not limited to the issuance of the Threat Letter on January 7, 2026, attempting to enforce a void non-solicitation provision against Plaintiff, naming her current employer in correspondence designed to interfere with that employment relationship, and threatening litigation, injunction, damages, and "recovery of legal costs" against her.

111. Defendant's retaliatory acts would dissuade a reasonable worker in Plaintiff's position from making or supporting a charge of discrimination.

112. Defendant's protected-activity knowledge and retaliatory animus were substantial motivating reasons for the adverse acts.

113. Defendant's conduct violated FEHA.

16

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and award compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees, costs, interest, and all other relief allowed by California law.

## COUNT V

### California Equal Pay Act — California Labor Code § 1197.5

114. Plaintiff incorporates by reference all preceding paragraphs.

115. Plaintiff pleads this claim under California law pursuant to the parties' contractual choice-of-law provision.

116. California Labor Code § 1197.5 prohibits an employer from paying an employee at wage rates less than rates paid to employees of another sex for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

117. Plaintiff performed work substantially similar to, and in many respects greater than, male comparators and other employees who received more favorable compensation, classification, benefits, or severance. Plaintiff's work required equal or greater skill, effort, and responsibility, including oversight of two areas, twelve regions, more than one hundred employees, and approximately seventy percent of company revenue.

118. Defendant failed to compensate Plaintiff equally for substantially similar work, failed to classify Plaintiff properly while she performed Vice President-level duties, and denied Plaintiff Vice President-level severance and compensation.

119. Defendant cannot establish that the disparity was based upon seniority, merit, quantity or quality of production, education, training, experience, geography, travel requirements, or any bona fide factor other than sex. Defendant's stated explanations were pretextual.

120. Defendant violated California Labor Code § 1197.5.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count V and award unpaid wages, liquidated damages, interest, attorneys' fees, costs, and all other relief allowed by California law.

## COUNT VI

**Declaratory Relief, Damages, and Attorneys' Fees Under**

**California Business and Professions Code §§ 16600 and 16600.5**

121. Plaintiff incorporates by reference all preceding paragraphs.

122. Plaintiff pleads this claim under California law pursuant to the parties' contractual choice-of-law provision.

123. Section 5 of the ECIIAA is a contract by which Plaintiff is purportedly restrained from engaging in a lawful profession, trade, or business, and is void on its face under California Business and Professions Code § 16600.

124. California Business and Professions Code § 16600.5 provides that any contract void under § 16600 is unenforceable regardless of where or when it was signed; that an employer shall not enter into a contract with an employee or prospective employee that is void under that chapter; that an employer shall not attempt to enforce such a contract; and that a current, former, or prospective employee may bring a private action for injunctive relief and actual damages, and shall be entitled to reasonable attorneys' fees and costs upon prevailing.

125. Defendant entered into the ECIIAA with Plaintiff, maintained Section 5 of the ECIIAA, and attempted to enforce Section 5 against Plaintiff through the Threat Letter dated January 7, 2026 — including by quoting the void provision, threatening litigation, injunctive relief, damages, and recovery of legal costs, and naming Plaintiff's current employer Bausch Health Companies Inc. as a target of Defendant's enforcement concerns.

126. Defendant's entry into, maintenance of, and attempted enforcement of Section 5 of the ECIIAA each independently violated California Business and Professions Code §§ 16600 and 16600.5.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

127. Plaintiff is entitled to a judicial declaration that Section 5 of the ECIIAA is void and unenforceable.

128. Plaintiff is entitled to equitable relief prohibiting Defendant from enforcing, threatening to enforce, or representing to Plaintiff, her current or future employers, or any third party that Plaintiff is bound by the void non-solicitation provision; from contending that Plaintiff has violated or breached the void provision; and from communicating with Plaintiff's current or prospective employers concerning the void provision.

129. Plaintiff is entitled to actual damages caused by Defendant's violations, including but not limited to damages for harm to her current employment relationship, harm to her professional reputation, and emotional distress; and to her reasonable attorneys' fees and costs as a prevailing employee under California Business and Professions Code § 16600.5(e).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment on Count VI declaring Section 5 of the ECIIAA void and unenforceable; prohibiting Defendant from enforcing, threatening to enforce, or representing the existence of the void provision; awarding Plaintiff actual damages; awarding Plaintiff her reasonable attorneys' fees and costs pursuant to California Business and Professions Code § 16600.5(e); and awarding such further relief as the Court deems just and proper.

## COUNT VII

**California Unfair Competition Law — California Business and Professions Code § 17200 et seq.**

130. Plaintiff incorporates by reference all preceding paragraphs.

131. Plaintiff pleads this claim under California law pursuant to the parties' contractual choice-of-law provision.

132. Defendant engaged in unlawful, unfair, and fraudulent business practices, including sex discrimination, sex stereotyping, unequal compensation, unequal severance treatment, failure to prevent discrimination, retaliation, and the maintenance and attempted enforcement of an unlawful post-employment restraint against Plaintiff.

19

133. Defendant's use of a void non-solicitation provision — and its attempt to enforce that provision through the Threat Letter — independently constitutes an unlawful and unfair business practice in violation of California Business and Professions Code §§ 16600 and 16600.5.

134. Defendant's discriminatory and retaliatory employment practices independently constitute unfair and unlawful business practices.

135. Defendant gained an unfair competitive advantage by suppressing employee mobility through unlawful restrictive covenants, by underpaying and under-classifying Plaintiff, and by denying Plaintiff equal compensation and severance.

136. Plaintiff is entitled to restitution, injunctive relief, declaratory relief, and all other remedies available under California Business and Professions Code § 17200 et seq.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count VII and award restitution, injunctive relief, declaratory relief, attorneys' fees where allowed, costs, interest, and all other relief allowed by California law.

## COUNT VIII

### Sex Discrimination in Violation of Title VII — 42 U.S.C. § 2000e et seq.

137. Plaintiff incorporates by reference all preceding paragraphs.

138. Plaintiff is female and a member of a protected class, was qualified for her position, and performed her job at a high level.

139. Plaintiff suffered adverse employment actions, including termination, failure to retain, failure to promote or classify properly, denial of Vice President-level compensation, denial of severance, and unequal treatment in the terms and conditions of her employment.

140. Defendant treated similarly situated male employees more favorably, including by retaining and promoting Jon Bullock despite his lesser qualifications, lesser leadership experience, and equal or greater logistical and travel issues.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

141. Defendant's stated reasons for terminating Plaintiff were false, inconsistent, and pretextual. Plaintiff's sex was a motivating factor in Defendant's adverse employment actions.

142. Defendant's conduct violated Title VII.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count VIII and award back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, interest, and all other relief allowed by federal law.

## COUNT IX

**Sex-Plus, Motherhood, and Sex Stereotyping Discrimination in Violation of Title VII**

143. Plaintiff incorporates by reference all preceding paragraphs.

144. Title VII prohibits discrimination based on sex, including discrimination based on sex stereotypes and discrimination against subgroups of women, including women with young children. See Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Phillips v. Martin Marietta Corp., 400 U.S. 542 (1971); Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107 (2d Cir. 2004); Chadwick v. WellPoint, Inc., 561 F.3d 38 (1st Cir. 2009).

145. Defendant repeatedly focused on Plaintiff's children, her husband's employment and travel schedule, and whether Plaintiff could "juggle it all," and suggested that the position required a "road warrior" — communicating sex-based assumptions that Plaintiff, as a mother, could not meet the travel demands, commitment, or intensity of the role.

146. Defendant did not subject similarly situated male employees, or employees without younger children, to comparable questioning or scrutiny.

147. Defendant's sex-based stereotyping was a motivating factor in Plaintiff's termination, classification, and unequal treatment.

148. Defendant's conduct violated Title VII.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IX and award back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, interest, and all other relief allowed by federal law.

## COUNT X

### Discriminatory Compensation, Benefits, Classification, and Severance
### in Violation of Title VII

149. Plaintiff incorporates by reference all preceding paragraphs.

150. Title VII prohibits discrimination in compensation, benefits, classification, severance, and other terms and conditions of employment because of sex.

151. Plaintiff performed Vice President-level duties; Defendant failed to classify Plaintiff as a Vice President while she performed those duties; and Defendant elevated the same or substantially similar role to a Vice President-level position immediately after Plaintiff's termination.

152. Defendant denied Plaintiff compensation, benefits, severance, title, and classification equal to the duties she performed, while providing more favorable compensation, classification, benefits, or severance treatment to similarly situated or less qualified employees.

153. Defendant's denial of equal compensation, classification, benefits, and severance was based on Plaintiff's sex and sex-based stereotypes, in violation of Title VII.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count X and award lost compensation, lost benefits, severance damages, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, interest, and all other relief allowed by federal law.

## COUNT XI

### Equal Pay Act — 29 U.S.C. § 206(d)

154. Plaintiff incorporates by reference all preceding paragraphs.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

155. Defendant is an employer subject to the Equal Pay Act.

156. Plaintiff performed work requiring skill, effort, responsibility, and working conditions substantially equal to, or greater than, the work performed by male comparators, including senior executive sales leadership duties over territories, revenue, managers, regions, and employees.

157. Defendant paid Plaintiff less than male employees performing equal or substantially comparable work, and denied Plaintiff compensation, benefits, title, classification, and severance provided to male employees performing equal or lesser work.

158. The pay disparity was not based on seniority, merit, quantity or quality of production, location, travel capacity, geography, or any factor other than sex. Defendant's asserted reasons were false and pretextual.

159. Defendant willfully violated the Equal Pay Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count XI and award unpaid wages, lost compensation, liquidated damages, attorneys' fees, costs, interest, and all other relief allowed by federal law.

## COUNT XII

### Retaliation in Violation of Title VII — 42 U.S.C. § 2000e-3(a)

160. Plaintiff incorporates by reference all preceding paragraphs.

161. Plaintiff engaged in activity protected by Title VII by, among other things, opposing Defendant's discriminatory practices, consulting counsel, communicating opposition to Defendant and its representatives, and filing charges of discrimination with the Equal Employment Opportunity Commission, the Missouri Commission on Human Rights, and the California Civil Rights Department.

162. Defendant knew, or had reason to know, of Plaintiff's protected activity.

163. Defendant took materially adverse actions against Plaintiff because of her protected activity, including but not limited to the issuance of the January 7, 2026 Threat Letter,

23

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

in which Defendant — through its Chief Human Resources Officer — invoked a void non-solicitation provision, named Plaintiff's current employer Bausch Health Companies Inc., and threatened Plaintiff with litigation, injunctive relief, damages, and recovery of legal costs.

164. Defendant's invocation of a contract that is void under California Business and Professions Code § 16600 — and the attempted enforcement of which is independently prohibited by California Business and Professions Code § 16600.5 — was not a good-faith exercise of contract rights, but a retaliatory act calibrated to interfere with Plaintiff's current employment, restrain her professional mobility, and dissuade her from prosecuting her claims of discrimination.

165. Defendant's retaliatory conduct would dissuade a reasonable employee from making or supporting a charge of discrimination. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

166. Plaintiff's protected activity was the but-for cause of the Threat Letter and the related retaliatory conduct.

167. Defendant's conduct violated Title VII.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count XII and award compensatory damages, punitive damages, declaratory relief, injunctive relief prohibiting Defendant from continuing to invoke or threaten to invoke Section 5 of the ECIIAA, attorneys' fees, costs, interest, and all other relief allowed by federal law.

## COUNT XIII

**Sex Discrimination in Violation of the Missouri Human Rights Act — § 213.055 RSMo**

***(Pleaded in the Alternative)***

168. Plaintiff incorporates by reference all preceding paragraphs.

169. Plaintiff pleads this count in the alternative to her California state-law claims.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

170. Defendant was an employer subject to the Missouri Human Rights Act, and Plaintiff was an employee protected by the Act.

171. Plaintiff is female, was qualified for her position, and performed at a high level.

172. Defendant terminated Plaintiff and discriminated against her with respect to compensation, classification, severance, benefits, and the terms and conditions of her employment.

173. Plaintiff's sex was a motivating factor in Defendant's adverse employment actions. Defendant treated similarly situated male employees more favorably, and Defendant's stated reasons were false and pretextual.

174. Defendant violated the Missouri Human Rights Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count XIII and award actual damages, punitive damages, attorneys' fees, costs, interest, and all other relief allowed by Missouri law.

## COUNT XIV

### Sex-Plus / Motherhood / Family-Responsibility Stereotyping in Violation of the MHRA § 213.055 RSMo (Pleaded in the Alternative)

175. Plaintiff incorporates by reference all preceding paragraphs.

176. Plaintiff pleads this count in the alternative to her California state-law claims.

177. Defendant discriminated against Plaintiff based on sex and sex-based stereotypes relating to motherhood, caregiving, family responsibilities, and perceived availability.

178. Defendant's decision-makers questioned Plaintiff about her children, her husband's work schedule, and whether she could "juggle it all," while declining to subject similarly situated male employees to the same scrutiny.

179. Defendant's sex-based stereotyping was a motivating factor in Plaintiff's termination and unequal treatment.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

180. Defendant violated the Missouri Human Rights Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count XIV and award actual damages, punitive damages, attorneys' fees, costs, interest, and all other relief allowed by Missouri law.

## COUNT XV

### Retaliation in Violation of the Missouri Human Rights Act — § 213.070 RSMo
#### *(Pleaded in the Alternative)*

181. Plaintiff incorporates by reference all preceding paragraphs.

182. Plaintiff pleads this count in the alternative to her California state-law claims.

183. Plaintiff engaged in protected activity under the Missouri Human Rights Act, including opposing discrimination, pursuing administrative remedies, and seeking to vindicate her rights.

184. Defendant knew of Plaintiff's protected activity and engaged in retaliatory conduct, including the issuance of the January 7, 2026 Threat Letter invoking a void California non-solicitation provision against Plaintiff, naming her current employer, and threatening litigation, injunction, damages, and "recovery of legal costs."

185. Defendant's retaliatory conduct was causally connected to Plaintiff's protected activity.

186. Defendant violated the Missouri Human Rights Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count XV and award actual damages, punitive damages, attorneys' fees, costs, interest, and all other relief allowed by Missouri law.

## COUNT XVI

### Missouri Equal Pay Act — §§ 290.400 through 290.450 RSMo
#### *(Pleaded in the Alternative)*

187. Plaintiff incorporates by reference all preceding paragraphs.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

188. Plaintiff pleads this count in the alternative to her California Equal Pay Act claim.

189. Defendant employed Plaintiff in Missouri and controlled or directed Plaintiff's compensation.

190. Plaintiff performed work equal or substantially comparable to work performed by male employees, requiring equal or greater skill, effort, and responsibility.

191. Defendant paid Plaintiff less, classified Plaintiff less favorably, and denied Plaintiff compensation and severance equal to that provided to male employees performing equal or lesser work, with the disparity based on sex.

192. Defendant's conduct violated Missouri's equal pay statutes.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count XVI and award unpaid compensation, damages, attorneys' fees, costs, interest, and all other relief allowed by Missouri law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elma Garrison respectfully requests that this Court enter judgment in her favor and against Defendant Crown Laboratories, Inc., and award the following relief (in an amount in excess of $25,000):

A. Back pay;

B. Front pay;

C. Lost wages;

D. Lost benefits;

E. Lost bonuses, incentive compensation, and other employment compensation;

F. Lost severance, including Vice President-level severance;

G. Liquidated damages where permitted by law;

H. Compensatory damages;

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

I. Emotional distress damages;

J. Reputational and professional harm damages, including damages caused by Defendant's interference with Plaintiff's current employment relationship through the Threat Letter;

K. Punitive damages;

L. Restitution where permitted by California law;

M. A judicial declaration that Section 5 of the ECIIAA is void and unenforceable under California Business and Professions Code §§ 16600 and 16600.5;

N. Injunctive relief prohibiting Defendant from enforcing, threatening to enforce, or representing to Plaintiff or to any third party (including Plaintiff's current or prospective employers) that Plaintiff is bound by the void non-solicitation provision in Section 5 of the ECIIAA;

O. Injunctive relief requiring Defendant to cease all discriminatory and retaliatory practices and to retract any prior representations to third parties concerning Plaintiff's purported obligations under Section 5 of the ECIIAA;

P. Prejudgment and post-judgment interest;

Q. Attorneys' fees, including fees recoverable under California Business and Professions Code § 16600.5(e), Title VII, FEHA, the Equal Pay Acts (federal and state), and the Missouri Human Rights Act;

R. Costs; and

S. Such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Electronically Filed - St Louis County - May 12, 2026 - 02:54 PM

By  */s/ Gregory G. Fenlon*
GREGORY G. FENLON #35050
601 S. Lindbergh
St. Louis, Missouri   63131
(314) 862-7999 ;  fax   (314) 862-8999
Attorney for plaintiff
ggfmoatty@aol.com

29